IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIAH ZAVALA,<br>  *Plaintiff*, | § § § | |
| VS. | § § § § | Civil Action No.: 5:23-cv-1372 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM, AN ASSUMED OR COMMON NAME,<br>  *Defendants*. | § § § § § § | |

### DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. § 1446(a) and respectfully shows the following:

*Procedural Background*

1. On September 19, 2023, Plaintiff filed her Original Petition against diverse Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), styled Cause No. 2023CI20306; *Mariah Zavala vs. State Farm Mutual Automobile Insurance Company and State Farm, an Assumed or Common Name;* In the 407th District Court of Bexar County, Texas.

*Nature of the Suit*

2. This lawsuit involves claims for personal injuries arising out of an automobile accident which occurred on March 21, 2022. Plaintiff claims Raymond Grant failed to control his speed and collided with the rear of the vehicle occupied by Plaintiff. Plaintiff also seeks UIM benefits under a policy issued by Defendant State Farm Mutual Automobile Insurance Company. Plaintiff

seeks actual damages including declaratory relief, reasonable and necessary attorney's fees, interest before and after judgment and costs of suit. Plaintiff also seeks past and future mental anguish, medical expenses, physical impairment, and loss of earnings capacity. Plaintiff also asserts extra-contractual claims against State Farm.

*Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. There is complete diversity of citizenship between the parties. At the time State Farm was served with the citation on September 27, 2023, and as of the date of filing this Notice, State Farm was and is a citizen of Illinois. Defendant was incorporated under the laws of the State of Illinois, and its principal place of business is in Bloomington, Illinois. Accordingly, State Farm was and is considered an out-of-state citizen for diversity jurisdiction purposes.

5. Upon information and belief, Plaintiff is a citizen of Texas when she filed her Original Petition and continues to be a citizen of Texas.

6. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff pleads in her Original Petition the total amount of damages is the contractual UM/UIM benefits due under the subject UM/UIM bodily injury policy and Plaintiff's attorney's fees pursuant to the Uniform Declaratory Judgment Act, which combined will not exceed $60,000.000. However, Plaintiff also pleads "**Plaintiff** would like the jury to understand that **Plaintiff** believes that the amount of her harms and losses caused by the Tortfeasor's unnecessarily dangerous conduct should be strictly determined by the ladies and gentlemen of the jury without being improperly influenced by this

arbitrary dollar bracket."[1]  Further Plaintiff makes allegations that could be reasonably construed as arguing bad faith on the part of State Farm including claiming that State Farm did not act as a reasonably prudent insurer and that State Farm further knew of the mental anguish it was causing Plaintiff despite there being no *bona fide* dispute.[2]  In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, exemplary, actual damages, statutory damages, and punitive damages."  Plaintiff has asserted a declaratory judgment act for uninsured/underinsured benefits. The uninsured/underinsured motorist ("UM/UIM") policy provides UM/UIM limits of $30,000.00 per person and $60,000.00 per accident. Plaintiff has also made extra-contractual allegations, albeit while not specifically titled as such against State Farm claiming that State Farm acted in bad faith and intentionally caused Plaintiff harmed.  Plaintiff seeks actual damages but also leaves open to the jury any other damages as well as additional attorney fees for bringing this suit.  Thus, given the plain language of the Policy involved in Plaintiff's claim, the nature of Plaintiff's claims, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

7. Based on the Policy's coverage limits and the damages alleged, it would be legally possible for Plaintiffs to obtain a recovery of at least $75,000.00. This dispute exceeds the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

8. On October 18, 2023, counsel for State Farm sent a proposed stipulation to Plaintiff's counsel asking Plaintiff to agree to not seek in excess of $74,999.99 in this

---

[1] *Plaintiff's Original Petition* (¶¶ 22-26);
[2] *Plaintiff's Original Petition* (¶¶ 22-26); *see also USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018).

case.[3] Counsel for State Farm has conferred with Plaintiff's counsel who has advised he would not agree to the stipulation.[4]

### *The Removal is Procedurally Correct*

9. Plaintiffs filed suit against Defendant State Farm in state court on September 19, 2023. Defendant was served on September 27, 2023. Defendant filed its answer in state court on October 18, 2023.

10. Removal is timely pursuant to 28 U.S.C. § 1446(b) and (c) and *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298 (5th Cir. 2014). In *Thompson*, the Fifth Circuit held that a defendant's right to removal under 28 U.S.C. § 1446(b) and (c) runs from the date it is formally served with process. Here, State Farm was served on September 27, 2023.

11. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claim allegedly occurred in this district.

12. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this notice.

---

[3] *See* exhibit D and D-1 (emails and stipulation). A stipulation that the amount in controversy falls below the jurisdictional threshold, at the time of remand, can be used to defeat diversity jurisdiction. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Consequently, a refusal to stipulate to an amount in controversy may be considered in assessing the amount in controversy. *See Santiago v. State Farm Lloyds*, 7:13-CV-83, 2013 WL 1880845, at *4 (S.D. Tex. May 3, 2013) (reasoning that the plaintiff's refusal to stipulate "stands in contrast to the inadvertent omissions of other remand-seeking plaintiffs who have appeared before the Court" and finding it indicative that the amount in controversy exceeded $75,000). *See also Plunkett v. Companion Prop. & Cas. Ins. Co.*, 1:15-CV-474, 2016 WL 8931300, at *5 (E.D. Tex. Apr. 8, 2016) ("Courts have found similar refusals to stipulate to be pivotal in denying a motion to remand"); *Noyola v. State Farm Lloyds*, 7:13-CV-146, 2013 WL 3353963, at *4 (S.D. Tex. July 3, 2013); *Johnson v. Dillard Dep't Stores, Inc.*, 836 F. Supp. 390, 394 (N.D. Tex. 1993) (treating Plaintiff's failure to stipulate "as a factor in determining whether remand is appropriate"); *Callaway v. BASF Corp.*, 810 F. Supp. 191, 193 (S.D. Tex. 1993).

[4] *See* exhibit D and D-2 (Plaintiff's response to stipulation).

13. Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant State Farm files this Notice, written notice of filing of this Notice of Removal will be given to Plaintiff, the adverse party.

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk of the 407th Judicial District Court, Bexar County, Texas, promptly after Defendant State Farm files this Notice.

WHEREFORE, Defendant State Farm Mutual Automobile Insurance Company requests that this action be removed from the 407th Judicial District Court, Bexar County, Texas to the United States District Court for Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW STEPHENS SCHULTZ LLP

By:   /s/ Margaret Brown w/p R. Rábago
Margaret Brown
State Bar No. 24092181
Attorney-In-Charge
Rebecca Rábago
State Bar No. 24042442
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsímile)
mbrown@lsslaw.com
rrabago@lsslaw.com

*Counsel for Defendant State Farm Mutual Automobile Insurance Company*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Defendant State Farm Mutual Automobile Insurance Company's Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 27th day of October, 2023, addressed to those who do not receive notice from the Clerk of the Court.

R. Craig Bettis
**TYLER & PEERY**
5822 WEST IH-10
San Antonio, TX 78201
cbettis@tylerpeery.com


  /s/ Margaret Brown w/p R. Rábago
Margaret Brown