**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARIAH ZAVALA,<br>          *Plaintiff*<br><br>-vs-<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY,<br>          *Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-23-CV-01372-XR |

## <u>ORDER GRANTING MOTION TO REMAND</u>

On this date, the Court considered Plaintiff Mariah Zavala's motion to remand (ECF No. 6), Defendant's response (ECF No. 7), Plaintiff's reply (ECF No. 14), and the parties' arguments at the hearing held on January 2, 2023. For the reasons stated in open court and set out more fully herein, Plaintiff's motion to remand (ECF No. 6) is **GRANTED**.

## BACKGROUND

This is an insurance dispute arising out of a motor vehicle collision between Plaintiff Mariah Zavala and non-party Raymond Grant ("Grant"). Plaintiff asserts that on or about March 21, 2022, she was traveling east on Highway Loop 410 in Bexar County, Texas when she was struck from behind by Grant, who was allegedly following her too closely. ECF No. 1-2 at 12. Plaintiff claims that Grant's negligence caused her damages and injuries, and that Grant was underinsured. *Id.* at 12–16. At the time of the collision, Plaintiff was insured under an insurance policy issued by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). *Id.* at 16. With Defendant's consent, Plaintiff settled her claim with Grant's liability carrier in November 2022.

In March 2023, Plaintiff then applied for underinsured motorist ("UIM") benefits under her policy with State Farm, seeking to recover the full policy limit of $30,000. ECF No. 6-4 at 50. Plaintiff's claim estimated future medical care damages of $141,311.13, in addition to the $21,238.00 in medical expenses she had already incurred. *Id.* In light of Grant's policy limit ($50,000) and Plaintiff's policy limit ($30,000), Plaintiff reasoned that she was entitled to maximum benefits under the policy:

> Surely, State Farm will acknowledge the total sum of the [policy limits is] less than the total economic and noneconomic damages. Therefore, any offer less than the UIM limit in this matter would be failure of a fiduciary to its insured/our client in conducting a reasonable investigation of her claims, and failing to make a good faith offer of settlement to resolve the claim.

*Id.* Plaintiff's insurance claim also outlined potential damages arising out of extracontractual claims and litigation costs in the event that State Farm failed to timely pay the full amount of the UM/UIM benefits. *See id.* at 50–52. In response, State Farm made an initial offer of $2,500 to settle Plaintiff's claim, which was rejected. *See id.* at 55, 57. In August 2023, State Farm increased its offer to $5,000, which Plaintiff rejected. *See id.* at 75.

Plaintiff filed suit in the 407th District Court of Bexar County, Texas on September 19, 2023, alleging that Defendant failed to offer a reasonable settlement for her claim and seeking declaratory relief to establish her rights to underinsured motorist benefits under the policy and attorneys' fees. ECF No. 1-2 ¶¶ 17–28. Plaintiff did not assert any extra-contractual claims.

In her Original Petition, Plaintiff's acknowledges that, after the credit and offset of the underlying claim and personal injury protection benefits, her recovery from State Farm through trial "will not exceed $60,000," representing the $30,000 policy limit per person and "$30,000 *or less*" in attorneys' fees. *See id.* at 16 (emphasis added); *see also id.* at 24–25 (noting that, given Defendant's offer to pay Plaintiff $5,000, the amount in controversy as to the policy benefits is

only $25,000). The Petition notes, however, that Plaintiff has pled a monetary bracket only in compliance with Rule 47 of the Texas Rules of Civil Procedure and that her actual damages far exceed the limits on her recovery:

> Plaintiff would like the jury to understand that Plaintiff believes that the amount of her harms and losses caused by the Tortfeasor's unnecessarily dangerous conduct should be strictly determined by the ladies and gentlemen of the jury without being improperly influenced by this arbitrary dollar bracket.

*Id.* at 16. State Farm removed the case to this Court on October 27, 2023, on the basis of diversity jurisdiction. ECF No. 1 at 2–3.

Plaintiff timely moved to remand, arguing that the amount in controversy cannot exceed the $75,000 jurisdictional threshold. Specifically, Plaintiff asserts that her recovery in federal court would be capped at the $30,000 policy limit because (1) attorneys' fees under § 37.009 of the Texas Civil Practice and Remedies Code are not available in federal court and (2) Plaintiff did not plead any extracontractual claims that could impose liability beyond the policy limit. *See* ECF No. 6 at 6–8. Plaintiff also requested sanctions on the basis that State Farm lacked an objectively reasonable basis for seeking removal. *Id.* at 8. In response, State Farm pointed to language in the Petition stating that "the handling of Plaintiff's claim was 'extreme and outrageous,'" suggesting that Plaintiff intended to bring extracontractual claims for punitive damages. *See* ECF No. 7 at 2.

The Court heard oral arguments on Plaintiff's motion on January 2, 2023, and ruled from the bench that it lacked jurisdiction over the case because State Farm had failed to establish that Plaintiff's damages were likely to exceed $75,000. Nonetheless, the Court concluded that State Farm did have an objectively reasonable basis for removing the case based on certain language in the Petition, and thus that the parties should bear their own costs as to the proceedings in federal court.

## DISCUSSION

### I.    Legal Standard

Federal district courts have original jurisdiction "over two general types of cases: cases that arise under federal law . . . and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (citing to 28 U.S.C. §§ 1331 and 1332(a)). The former is known as "federal-question jurisdiction" and the latter as "diversity jurisdiction." Any civil action of these types that is brought in state court "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). It follows, then, that the removing party has the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reins. Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998); *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). Where it is facially apparent that the amount in controversy likely exceeds $75,000,

4

remand is not warranted unless the plaintiff establishes "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). When a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Greenberg*, 134 F.3d 1250 at 1253.

The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The Court must resolve "all factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal."); *Martinez v. Pfizer Inc.*, 388 F. Supp. 3d 748, 761 (W.D. Tex. 2019) ("because jurisdiction is fixed at the time of removal, the jurisdictional facts supporting removal are examined as of the time of removal"). Once diversity jurisdiction is established, "subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Gebbia*, 233 F.3d at 883 (citing *St. Paul Mercury Indemnity Co.*, 303 U.S. at 289-90). Post-removal affidavits, stipulations, and amendments reducing the claim below the requisite "do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indemnity Co.*, 303 U.S. at 293.

## II.    Analysis

In support of her argument that the amount-in-controversy requirement is not satisfied, Plaintiff cites the allegation in her original state court petition that she "seek monetary relief of $250,000 **or less**, excluding interest, statutory or punitive damages and penalties, and attorney fees, and costs; as well as non-monetary relief." ECF No. 1-4 ¶ 2 (emphasis added). In Texas, a statement in the petition limiting damages to a figure below the amount-in-controversy requirement of $75,000 or less, however, does not preclude removal since it is not binding, and litigants who want to prevent removal must file a binding stipulation or affidavit with their petition. *See De Aguilar*, 47 F.3d at 1413. Plaintiff did not file a binding stipulation limiting her recovery to $75,000 and cannot rely on the allegations in the petition to defeat federal jurisdiction.[1]

Still, the Court recognizes that it is not obvious from the face of the Petition that Plaintiff's claims are likely to exceed the requisite amount. Indeed, because Plaintiff has limited her claims to declaratory judgment that she is entitled to the maximum benefits under the policy and attorneys' fees, the policy limit appears to control the amount-in-controversy requirement in this case. The Fifth Circuit recently clarified that, "where there is a legal possibility that an insurance company may be liable for an amount in excess of its policy limit, the underlying claim determines the amount in controversy," rather than the policy limit. *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 350 (5th Cir. 2023).

Here, despite State Farm's assertion that, "based on the damages alleged, it would be legally possible for Plaintiff to obtain a recovery of at least $75,000," it fails to identify any legal

---

[1] For her part, Plaintiff asserts that she conferred with State Farm about stipulating to a damages cap but the parties were unable to come to an agreement before the case was removed to this Court. Plaintiff declined to sign the stipulation proposed by State Farm's counsel because it contained vague and/or inaccurate statements about the jurisdictional limits of diversity jurisdiction and was silent as to appellate attorneys' fees and the treatment offset/credit amounts recovered from Grant's insurer. *See* ECF No. 14 at 3.

theories alleged on the face of the complaint that would expose State Farm to liability beyond the jurisdictional threshold.

At the January 2 hearing, counsel for State Farm argued that certain language in the Petition describing State Farm's conduct—that there was "no bona fide dispute" as to Plaintiff's injuries and that State Farm's handling of her claim was "extreme and outrageous," *see* ECF No. 1-2 at 20—constituted extracontractual claims. The Court disagrees.

The Petition does not allege the extracontractual claims threatened in Plaintiff's demand letters. Instead, Plaintiff's pleading explicitly states:

> [T]he total amount of Plaintiffs damages is the contractual UM/UIM benefits due under the subject UM/UIM bodily injury policy and Plaintiff's attorney's fees pursuant to the Uniform Declaratory Judgment Act (UDJA) Texas Civil Practice and Remedies Code §37.001 *et al.* through trial, which combined will not exceed $60,000.00.

*Id.* at 16. Moreover, although the demand letters themselves outline Plaintiff's actual estimated damages, they consistently seek to recover only the policy limit—nothing more. *See, e.g.*, ECF No. 6-4 at 75 ("[The] demand remains for State Farm to pay Maria Zavala's $30,000 [policy limits] in the time allowed by Texas law.").[2] Even assuming that the language in the Petition created some question as to whether Plaintiff had alleged extracontractual claims—and it does not—the Court would construe any ambiguity as to whether they constituted notice of such claims against State Farm. *Guillory*, 434 F.3d at 308.

Because it is not "facially apparent" that the amount in controversy likely exceeds $75,000, Defendant must set forth summary judgment type evidence to establish the jurisdictional amount

---

[2] Even if Plaintiff had submitted a claim for her actual damages rather than the policy limit, "'the fact that [she] want[ed] more money [would] not increase the amount in controversy' beyond the policy limit." *Love*, 71 F.4th at 354 (quoting *Payne v. State Farm Mut. Auto. Ins. Co.*, 266 F.2d 63, 65 (5th Cir. 1959) (concluding that policy limit represented the amount in controversy based on the legal impossibility of recovering more under the policy: "The injury to the Payne child might warrant recovery from [the tortfeasor] of damages greatly in excess of $10,000, but the action was brought against State Farm only.")).

by a preponderance of the evidence. *Manguno*, 276 F.3d at 723. A plaintiff's refusal to stipulate that her damages are less than $75,000, is one factor but "alone it is not reason to deny remand." *Johnson v. Dillard Dep't Stores, Inc.*, 836 F. Supp. 390, 394 (N.D. Tex. 1993). "In other words, a plaintiff's refusal to stipulate must be accompanied by other evidence that supports the proposition that plaintiff's damages exceed the minimum jurisdictional amount." *McCauley v. Kroger Co.*, No. 3:19-CV-2673-D, 2020 WL 208816, at *3 (N.D. Tex. Jan. 14, 2020).

Here, State Farm has failed to proffer any evidence that, combined with the Original Petition and Plaintiff's refusal to stipulate to recovery below the requisite amount, would prove by a preponderance of the evidence that Plaintiff seeks recovery in excess of $75,000. Indeed, State Farm's burden is even higher than the face of the Petition would suggest because attorneys' fees under § 37.009 of the Texas Civil Practice and Remedies Code—approximately half of the damages alleged in the Petition—are unavailable in federal court. *See Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) ("[A] party may not rely on the Texas DJA to authorize attorney's fees in a diversity case because the statute is not substantive law.").

A plaintiff contesting removal need only prove to a legal certainty the limits of her recovery, through a binding stipulation or affidavit, where the removing party has first satisfied its burden to produce evidence that the amount in controversy exceeds $75,000. *DeAguilar*, 47 F.3d at 1411–12. State Farm has failed to meet its burden, and the Court must resolve any doubt in favor of remand. *Gasch*, 491 F.3d at 281–82. Still, based on the descriptions of State Farm's conduct in the Petition, the Court cannot conclude that Defendant "lacked an objectively reasonable basis for seeking removal" such that sanctions are warranted. *Howard v. St. German*, 599 F.3d 455, 457 (5th Cir. 2010) (per curium).

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand and for sanctions (ECF No. 6) is

**GRANTED IN PART and DENIED IN PART**. The motion to remand is granted, and this case

is therefore remanded pursuant to 28 U.S.C. § 1447(c), (d) for lack of subject matter jurisdiction.

Plaintiff's request for sanctions is **DENIED**, and each party shall bear its own costs.

The Clerk is **DIRECTED** to remand this case to 407th District Court of Bexar County,

Texas, and to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 3rd day of January, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE